**FILED**

APR 3 0 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| J. Q. DOE, | Case: 1:19-cv-01253  JURY DEMAND |
| :--- | :--- |
| Plaintiff, | Assigned To : Friedrich, Dabney L. |
|  | Assign. Date : 4/30/2019 |
| v. | Description: FOIA/Privacy Act (I-DECK) |
|  | Chief Judge Beryl A. Howell |
| ANDREA LYNNE BENOIT, *et al.*, |  |
| Defendants. |  |

## MEMORANDUM AND ORDER

The plaintiff, an attorney employed by the U.S. Department of Defense, has filed a second motion to proceed under a pseudonym, without revealing her home address, in her instant action against the U.S. Department of Defense and its component, the Defense Contract Management Agency ("DCMA"), and various DCMA employees, alleging unlawful promulgation of a federal agency regulation and violations of the Freedom of Information Act ("FOIA") and the First and Fifth Amendments. *See* Pl.'s Mot. Proceed Under Pseudonym ("Pl.'s Mot.") at 1; Compl. ¶¶ 1–4, 10. The plaintiff's original motion was denied more than five months ago, on November 20, 2018. *See* Memorandum & Order, *Doe 1 v. Benoit*, 19-mc-59 (D.D.C. Nov. 20, 2018), ECF No. 1.[1] By contrast to the plaintiff's original motion, the instant motion no longer seeks to use pseudonyms for any individual or entity other than the plaintiff and provides additional facts concerning the plaintiff's reasons for seeking to proceed under a pseudonym. *See* Letter from Pl.'s Counsel (Apr. 25, 2019) (sealed) at 1 ("[R]ecogniz[ing] that there were problems with [plaintiff's] complaint as well as with [her] memorandum in support of that motion for pseudonym. . . . [w]e revised [both] to address

---

[1] The Memorandum & Order is available publicly on the docket, while the supporting documentation is sealed.

1

those concerns.").[2] For the reasons set forth below, the Court will grant the plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[3]

## I. BACKGROUND

The plaintiff seeks to file suit against six defendants or groups of defendants: (1) Andrea Lynne Benoit, the plaintiff's former supervisor at DCMA, in her personal capacity; (2) ten unknown DCMA officials and employees in their personal capacities; (3) the DCMA; (4) the Director of the DCMA in his official capacity; (5) the U.S. Department of Defense ("DoD"); and (6) the Acting Secretary of Defense in his official capacity. *See* Compl. ¶¶ 11–16. As alleged in the Complaint, on November 22, 2016, Benoit, while serving as the plaintiff's supervisor at the DCMA, filed an Insider Threat Report against the plaintiff based on the plaintiff's interactions with other DCMA employees that Benoit believed could be considered "[i]ntimidating, belligerent, harassing, bullying, or other inappropriate and aggressive behavior" and evidence of "[n]umerous conflicts with supervisors and other employees." Compl. ¶¶ 169–73 (internal quotation marks omitted).[4] In January 2017, the DCMA concluded that the plaintiff was never an insider threat. *Id.* ¶ 183.

---

[2] This six-page letter from plaintiff's counsel largely repeats arguments made elsewhere in the plaintiff's supporting memorandum, but also includes gratuitous speculation as to why the plaintiff's prior motion to proceed under a pseudonym was denied, emotionally-charged comparisons of the plaintiff to civil rights icons, such as Rosa Parks, defensive explanations for why the plaintiff's lawsuit is not "frivolous," and wholly inappropriate references to how the Court's personal history should have resulted in a different outcome. To be clear, resolution of motions for pseudonymous filings are predicated solely on application of the guiding factors to the factual background supplied by the movant in the pleadings and supporting briefing to show that the applicable legal standard has been met, without regard to the actual veracity or merits of the claims set out in the Complaint. Thus, plaintiff's counsel's rank speculation about alternative reasons for the original denial of her motion to proceed pseudonymously are entirely irrelevant and are a distraction from resolution of the pending motion.

[3] Under Local Civil Rule 40.7(f), the Chief Judge "shall . . . hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f).

[4] An "insider threat" is a person, who has authorized access and uses that access, wittingly or unwittingly, to harm national security interests or national security through unauthorized disclosure, data modification,

2

In July 2017, the plaintiff left her job at DCMA and joined another DoD agency. *Id.* ¶¶ 197–98. The plaintiff states that "approximately two weeks after she left DCMA, Benoit [who was no longer her supervisor] directed . . . John Does No. 1–10 (other DCMA officials or employees) to notify the security office of [plaintiff's] current employer that [plaintiff] had been the subject of an 'insider threat' evaluation. . . . despite knowing that DCMA already concluded [plaintiff] was not an insider threat." *Id.* ¶¶ 199–200.

The plaintiff alleges that Benoit's "capricious and knowingly malicious communication of an unjustified 'insider threat' to her current employer violated her rights under both the Free Speech component of the First Amendment and the liberty interest component of the Fifth Amendment." Pl.'s Mot. at 1. She also claims that the government's "refusal to produce to [her] a report of an 'insider threat' investigation and other subjects of other [FOIA] requests" violates FOIA, *id.*, and that "the promulgation of a regulation used to initiate the insider threat complaint and investigation was unlawful because it was inconsistent with Executive Order 13,587," *id.*

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). In fact, the Federal Rules "make no provision for suits by persons using fictitious names or for anonymous plaintiffs," *Nat'l Commodity &*

---

espionage, terrorism, or kinetic actions resulting in loss or degradation of resources or capabilities." Compl. ¶ 24 (citing U.S. Dep't of Defense Instruction 5240.26 (May 4, 2012)).

3

*Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), but instead promote the public's interest "in knowing the names of [ ] litigants" because "disclosing the parties' identities furthers openness of judicial proceedings," *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (per curiam) ("This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."). Thus, the D.C. Circuit has instructed that "parties to a lawsuit must typically openly identify themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC). When balancing these general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), Civil No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking

4

anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-cv-806 (BAH/GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These five factors, drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99 (citing *Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183, at *6–8 (M.D.N.C. May 20, 2004) (quoting *James*, 6 F.3d at 238)); *Roe v. Doe*, No. 18-cv-666 (CKK), 2019 WL 1778053, *2 (D.D.C. Apr. 23, 2019); *Doe v. Teti*, No. 15-mc-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, No. 15-cv-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *James* and *Hubbard* factors address the same general concerns regarding the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure. *Hubbard*, 650 F.2d at 320–21. Thus, in exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this stage of the litigation, the Court is persuaded that the plaintiff has now, on her second attempt, met her burden of showing that her privacy interests outweigh the public's presumptive and substantial interest in knowing the detail of her name and address in this litigation. As to the first *Chao* factor, the plaintiff has provided additional facts demonstrating that anonymity is necessary to "preserve privacy in a matter of a sensitive and highly personal nature." *Teti*, 2015 WL 6689862, at *2. Although her prior motion to proceed under a pseudonym focused on the potential ramifications of filing a complaint against the government, the plaintiff has now offered a more fulsome explanation for her need to preserve privacy in this matter, focusing on the risks of being falsely labeled an "insider threat" with the concomitant reputational and personal safety risks posed by being associated falsely with national security threats and terrorist activities.

The plaintiff alleges that as "a person whose status and employment depend on having a security clearance, a clearance that was already once jeopardized by the existence of an 'insider threat' investigation unjustifiably and maliciously communicated to her employer," Pl.'s Mem. in Supp. of Mot. Proceed Under Pseudonym ("Pl.'s Mem.") at 6–7, her need to proceed anonymously arises from more than a mere desire "to avoid the annoyance and criticism that may attend any litigation," *Teti*, 2015 WL 6689862, at *2. As the Court noted when denying the plaintiff's first motion to proceed under a pseudonym, cases challenging revocations of, denials of, or investigations regarding security clearances are frequently litigated under the plaintiffs' real names. *See, e.g., Palmieri v. United States*, 896 F.3d 579 (D.C. Cir. 2018); *Foote v. Moniz*, 751 F.3d 656 (D.C. Cir. 2014); *Bennett v. Chertoff*, 425 F.3d 999 (D.C. Cir. 2005); *Ryan v. Reno*, 168 F.3d 520 (D.C. Cir. 1999); *Chien v. Sullivan*,

313 F. Supp. 3d 1 (D.D.C. 2018); *Oryszak v. Sullivan*, 565 F. Supp. 2d 14 (D.D.C. 2008). The plaintiff, while not distinguishing those cases, has nevertheless now offered sufficient detail about the risks of having her name associated with an unsubstantiated "insider threat" report to demonstrate that, at least at this initial stage of the proceedings, anonymity is justified. The plaintiff alleges that, "due to confirmation bias, no private employer who contracts with the government will hire someone accused of, or believed to be possibly[,] a traitor." Pl.'s Mem. at 7. Further, she avers that "given the nature of the allegations at issue," requiring disclosure of her name "would unfairly brand [her] . . . as a likely terrorist or traitor, and at best, as a troublemaker." *Id.* at 8. As the plaintiff notes, in other circumstances, the risks of being associated with terrorism have been deemed sufficient reason to grant permission to file under a pseudonym. *See id.* at 7–8 (citing *Doe v. Lynch,* No. 16-253 (BAH), 2016 WL 10844617, at *1 (D.D.C. Apr. 28, 2016) (permitting plaintiffs to proceed pseudonymously in an action challenging allegations that they were involved in money laundering and terrorism due to the "nature of the allegations at issue" and the "chilling effect on other victims" (internal quotation marks and citations omitted))).[5]

As for the second *Chao* factor, concerning the risk of retribution and mental harm, the plaintiff points out that "[p]eople labeled as traitors for allegedly committing espionage on behalf of America's enemies find themselves regularly subjected to death threats from members of the public and even government officials." Pl.'s Mem. at 9. She therefore asks the Court to "consider her personal security and that of her family," *id.*, claiming that

---

[5] The plaintiff bolsters her motion for use of a pseudonym because she has a medical condition that she "may have to divulge . . . during this litigation and [she] should be free to do so without being permanently stigmatized for it." Pl.'s Mem. at 8–9. The plaintiff has not alluded to her medical condition in her complaint and only anticipates that this personal health information may be divulged in the future as the case progresses. At this stage, the plaintiff's concerns about linking her name to sensitive medical conditions is, at best, premature and falls short of warranting grant of her motion to proceed under a pseudonym.

"[i]dentifying [her], fairly or unfairly, as someone DCMA deemed to be an insider threat would unfairly subject her and her family, including her two children, to actual verbal and physical assault." *Id.* at 10. She links this argument to the third *Chao* factor, noting that even though her children are not plaintiffs, "if [plaintiff's] identity is publicly known, the identities of her minor children . . . may also be known, to a lesser degree, through their connection to her," and expressing concern that they will therefore be subjected to "vitriol." *Id.* at 13. These factors weigh in favor of granting the motion to proceed under a pseudonym and the motion to seal the plaintiff's home address.

The fourth and fifth *Chao* factors focus on whether the action is against a governmental or private party and for an analysis of the risk of unfairness to the opposing party in allowing an action to proceed against it anonymously. This Court is unaware, at this time, of any unfairness to the government agencies in allowing the plaintiff to file under a pseudonym at this initial stage, subject to further findings by the district judge assigned to consider the complaint. *See Teti*, 2015 WL 6689862, at *4. One defendant, the plaintiff's former supervisor at a government agency, however, is a named individual against whom serious allegations are raised throughout the Complaint. *See, e.g.*, Compl. ¶¶ 124–50. The plaintiff's prior motion to proceed under a pseudonym was denied at least in part out of concern that the plaintiff's desire to use pseudonyms not only for herself but for various witnesses, agencies, and supervisors involved would compromise that named defendant's ability to defend herself. The plaintiff's second motion seeks a pseudonym solely for herself, and, based on the allegations in the complaint, the plaintiff's identity is already known or easily discernible to the named defendant. There is thus little concern, at this stage of the

proceedings, that allowing the plaintiff to file her complaint under a pseudonym will risk unfairness to the opposing parties.

In sum, the new facts and arguments presented in the plaintiff's second motion to proceed under a pseudonym have demonstrated that the plaintiff's significant interest in maintaining her anonymity at this early stage in the litigation is sufficient to overcome the general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonym "J.Q. Doe" for the plaintiff; and it is further

**ORDERED** that the plaintiff's motion and supporting exhibits, including the full name and address of the plaintiff, shall remain under seal until further order of the Court; and it is further

**ORDERED** that the plaintiff shall be permitted to list her address as the address of her attorney's office in any papers filed with the Court; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties.

**SO ORDERED.**

Date: April 30, 2019

BERYL A. HOWELL
Chief Judge