**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| J. Q. DOE, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 1:19-cv-01253 (DLF) |
| DEPARTMENT OF DEFENSE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AMENDED COMPLAINT**

Plaintiff J. Q. Doe (a pseudonym) brings this action against Defendant Department of Defense ("DOD") pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, *et seq.* (collectively "FOIA/PA"), the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over DOD pursuant to 5 U.S.C. § 552(a)(4)(B), 552a(g)(1) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5), 703 and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff J. Q. Doe ("Doe") is a U.S. citizen and is a resident of the state of Virginia.

4. Defendant DOD is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by Doe which are the subject of this action.

5. The Defense Contract Management Agency ("DCMA") is a DOD component.

## BACKGROUND

*DCMA Instruction 563:*

6. In October 2011, President Barack Obama issued Executive Order 13,587 establishing the National Insider Threat Task Force ("NITTF") under joint leadership of the United States Attorney General and the Director of National Intelligence.

7. President Obama directed federal departments and agencies with access to classified information to establish insider threat detection and prevention programs, and the NITTF to assist agencies in developing and implementing these programs.

8. President Obama required that agencies "bear primary responsibility" for implementing "structural reforms" to "ensure responsible sharing and safeguarding of classified information on computer networks . . . *consistent with appropriate protections for privacy and civil liberties*" (emphasis added).

9. In June 2016, DCMA promulgated DCMA Instruction 563 ("Instruction 563"). "[DCMA] established this guide to assist personnel in identifying potential insider threat indicators and establish[] associated reporting guidance and procedures. In addition, it provides employees, supervisors and managers with a concise reference that can be used to increase early warning sign recognition of potentially concerning actions/behaviors."

10. Instruction 563 requires the prompt and detailed reporting of "suspicious and/or anomalous activities/behaviors potentially indicative of an insider threat."

11. Instruction 563 made no mention of protections for the civil liberties of DCMA employees and contractors.

12. Neither DCMA nor DOD submitted Instruction 563 to the Privacy and Civil Liberties Oversight Board to ensure that liberty concerns were appropriately considered before its promulgation.

13. On 30 November 2018, DCMA issued DCMA Manual 3301-05 ("Manual 3301-05"), a new insider threat regulation.

14. Manual 3301-05 rescinded Instruction 563 and expressly established the Insider Threat Program at DCMA as compliant with Executive Order 13,587.

15. Unlike Instruction 563, Manual 3301-05 required DCMA to: (a) train personnel implementing the Insider Threat program in "Privacy and Civil Liberties": (b) respect civil liberties and privacy protections; (c) require the Chief Civil Liberties Officer to review Insider Threat processes and procedures for compliance with laws and DOD policies; (d) provide privacy and civil liberties advice, guidance, training and other related support to the Insider Threat program and to management officials responding to actual or potential Insider Threat matters; (e) provide annual privacy and civil liberties training annually to designated Insider Threat personnel and Threat Management Team members; (f) provide privacy and civil liberties support to program reviews and the annual Insider Threat Report; (g) leverage the unique training, expertise and capabilities of DCMA's privacy and civil liberties staffs when responding to actual or suspected Insider Threat matters; and (g) compartmentalize Insider Threat "hub" activities to safeguard the integrity of Insider Threat information to ensure privacy and civil liberties protections.

*Doe's Insider Threat Report:*

16. On 8 November 2016, Doe's supervisor Andrea Benoit ("Benoit") filed an Insider Threat Report against Doe.

17. Benoit later asserted that she was obligated by Instruction 563 to file the Insider Threat Report.

18. The allegations in Benoit's Insider Threat Report were false.

19. Even if true, Benoit's allegations were not indicative of an insider threat as defined by the National Insider Threat Policy, but would have been considered actions protected by her civil liberties, such as "conflicts with supervisors."

20. In January 2017, DCMA concluded that Doe was not an insider threat.

21. In July 2017, Doe left DCMA and joined her current employer, another DOD component.[1]

22. DCMA informed her current employer that she had been the subject of an insider threat investigation, but did not provide the results of the investigation clearing her name.

23. This notification prompted Doe's current employer to initiate a new review of her security clearance, resulting in her being unable to perform work which required a security clearance for ten months.

24. As a result of being unable to perform a significant amount of work during her first year with her current employer, she received a 3 out of 5 rating on her performance evaluation for 2017.  This was significantly lower than her other ratings.

---

[1] Doe will not refer to her current employer by name herein to protect her identity, but will provide it to the Court when it becomes relevant.

25. Doe has had dozens of unsuccessful job interviews since her current employer learned of the insider threat investigation, and reasonably anticipates that the existence of records concerning this investigation will continue to negatively affect her career.

## FIRST CAUSE OF ACTION

## (FOIA/PA – RECORDS DENIAL – 17-F-1472)

26. Doe repeats and realleges the allegations contained in all paragraphs set forth above.

27. On 27 January 2017, Doe submitted to DCMA a FOIA request for, *inter alia*, records related to investigations conducted by DCMA or DOD concerning her. DCMA assigned it Request No. 17-F-1472.

28. On 15 August 2017, DCMA withheld all responsive records in full.

29. On 20 September 2017, Doe appealed this determination. DCMA assigned it Appeal No. 17-060.

30. Doe has not received any substantive response to this appeal as of this writing.

31. Information about a United States citizen located in a system of records must be exempt under both FOIA and the Privacy Act in order to be withheld from the requester.

32. Records responsive to this request are located in systems of records, as that term is defined in the Privacy Act.

33. Doe has a legal right under FOIA/PA to obtain the information she seeks, and there is no legal basis for the denial by DCMA of said right.

## SECOND CAUSE OF ACTION

## (FOIA – CONSTRUCTIVE RECORDS DENIAL – 2 UNKNOWN REQUESTS)

34. Doe repeats and realleges the allegations contained in all paragraphs set forth above.

35. On 30 November 2017, Doe submitted to DCMA two FOIA requests for records concerning DCMA hiring practices for attorneys.

36. DCMA has not acknowledged either of these requests as of this writing.

37. Doe has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DCMA of said right.

## THIRD CAUSE OF ACTION

## (APA – IMPROPER PROMULGATION OF A RULE)

38. Doe repeats and realleges the allegations contained in all paragraphs set forth above.

39. A rule which is inconsistent with the Executive Order which authorizes the rule's promulgation is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

40. Instruction 563 included no provisions to protect DCMA employees and contractors from insider threat reports and investigations which violate their civil liberties, in explicit contrast to the requirements of Executive Order 13,587.

41. Doe has been materially harmed by the promulgation of Instruction 563, since the frivolous Insider Threat Report filed by Benoit could not have been filed – and, if filed, would not have resulted in an investigation – if a rule compliant with Executive Order 13,587, such as Manual 3301-05, were in effect at the time.

42. Without the Insider Threat Report, Doe's security investigation at her current employer would not have been delayed, and she would not have received a low performance rating.

43. Even though Instruction 563 has been rescinded, Doe stands to continue to be harmed by its promulgation, since the improper Insider Threat Report filed pursuant to it will continue to negatively affect her career.

44. Doe is therefore entitled to relief in the form of a declaratory judgment that Instruction 563 was invalid, a declaratory judgment that Benoit's Insider Threat Report and the attendant investigation and investigation report were invalid as a result, and an order directing DCMA and DOD to expunge or remove all references to the Insider Threat Report or the resulting investigation from any files concerning Doe.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff J.Q. Doe prays that this Court:

(1) Order the Defense Contract Management Office to provide all responsive records to her;

(2) Declare and find that the promulgation of DCMA Instruction 563 is a violation of Executive Order 13,587 by way of the APA, and that this violation was intentional and/or willful;

(3) Declare and find that the Insider Threat Report concerning Doe is accordingly invalid under the law;

(4) Order DCMA and DOD to expunge or remove all references to the Insider Threat Report or the resulting investigation from any files concerning Doe;

    (5)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

    (6)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

    (7)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

    (8)    Grant such other relief as the Court may deem just and proper.

Date:   September 19, 2019

                                          Respectfully submitted,

                                          /s/ Kelly B. McClanahan
                                          Kelly B. McClanahan, Esq.
                                          D.C. Bar #984704
                                          National Security Counselors
                                          4702 Levada Terrace
                                          Rockville, MD  20853
                                          301-728-5908
                                          240-681-2189 fax
                                          Kel@NationalSecurityLaw.org

                                          *Counsel for Plaintiff*