UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.Q. DOE,

        *Plaintiff*,

v.                                No. 19-cv-1253 (DLF)

ANDREA LYNNE BENOIT, *et al.*,

        *Defendant.*

**ORDER**

Before the Court is the plaintiff's Renewed Motion to Proceed Under Pseudonym and to Seal, Dkt. 90. For the reasons that follow, this motion is denied.

In this case, the pseudonymous plaintiff J.Q. Doe originally brought five counts against various defendants for alleged injuries connected to an "insider threat" investigation against Doe. Second Am. Compl., Dkt. 30. Only two counts remain, alleging violations of the Freedom of Information Act, 5 U.S.C. § 552, *et seq*., and the Privacy Act, 5 U.S.C. § 552a, *et seq*., against the Department of Defense. A discussion of the facts of this case is provided in the Court's June 29, 2020 Memorandum Opinion, Dkt. 96.

Doe filed an earlier version of this lawsuit in 2018 and sought pseudonyms for herself, her then-employer, and potential witnesses. Mem. in Supp. of Pl.'s Renewed Mot. to Proceed Under Pseudonym and Seal ("Pl.'s Mem.") at 5–6, Dkt. 93-2. Pursuant to this Court's Local Civil Rules, *see* LCvR 40.7(f), the Chief Judge considered the motion and denied it. Pl.'s Mem. at 6. As a result, Doe "temporarily declined to pursue that lawsuit." *Id*. Doe later "revised" and refiled her lawsuit and motion to proceed under pseudonym, *id*., but no longer sought a pseudonym for anyone other than Doe, Pl.'s Mot. To Proceed Under Pseudonym and to Seal,

Dkt. 2.  After finding "the plaintiff's significant interest in maintaining her anonymity at this early stage in the litigation . . . sufficient to overcome the general presumption in favor of open proceedings," the Chief Judge granted the motion on April 30, 2019, "subject to any further consideration by the United States District Judge to whom this case is randomly assigned."  April 30, 2019 Mem. & Order at 9, Dkt. 4; *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005) (explaining the Chief Judge's granting of "leave to file" a pseudonymous complaint "does not guarantee that a litigant may proceed pseudonymously throughout the case; rather, the leave is an indication that the litigant's request is not frivolous and gets the case moving quickly, leaving the issue open to full, adverse litigation at a later date.").  This Court revisited the issue after the government objected to Doe's continued use of the pseudonym during a May 29, 2020 status conference.  *See* May 29, 2020 Minute Order.

The Federal Rules of Civil Procedure and this Court's Local Civil Rules both "require that complaints state the names of parties; they make no provision for pseudonymous litigation." *Qualls*, 228 F.R.D. at 10; *see also* Fed. R. Civ. P. 10(a); LCvRs 5.1(c)(1), 11.1.  This requirement is grounded in "the public's interest in knowing the facts surrounding judicial proceedings." *Qualls*, 228 F.R.D. at 10.  Nevertheless, "it is within the discretion of the district court to grant the rare dispensation of anonymity" after "inquir[ing] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (internal quotation marks omitted).  As part of this inquiry, the Court must "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Id.* (citations and internal quotation marks omitted).

In balancing these two concerns, this Court has typically considered five factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*National Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).[1] "No single factor is necessarily determinative." *Doe v. Sessions*, No. 18-cv-0004, 2018 WL 4637014, at *2 (D.D.C. Sept. 27, 2018). And "it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Qualls*, 228 F.R.D. at 13.

Beginning with *Chao*'s first factor, Doe's justification appears to be more aligned with avoiding the annoyance and criticism that this litigation may bring, rather than preserving her privacy in a sensitive matter. Doe asserts this lawsuit is a "sensitive matter" because "no private employer who contracts with the government" would hire her if the fact she had been falsely labeled an "insider threat" became public knowledge. Pl.'s Mem at 17. Doe cites to one case, *Doe v. Bank of Am.*, No. 16-cv-253 (D.D.C. Apr. 28, 2016), in which this Court found the use of a pseudonym justified when the risk of being associated with terrorism was sufficiently significant. But unlike in *Bank of Am.*, where the Court found the allegations "would attach the scarlet letter of money laundering or terrorism ties to their names" and potentially damage relationships a plaintiff had with entities on which he sat as a board member, *see id*. at *1–2

---

[1] At times this Court has alternatively applied a "different but analogous" test that weighs six factors and is set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980). *Doe v. Washington Post*, No. 19-cv-477, 2019 WL 2336597, at *2 (D.D.C. Feb. 26, 2019). "[W]hichever test applies, the same general balancing inquiry is at issue[.]" *Id*. at *3.

(internal quotation marks omitted), the record developed in this case does not demonstrate that a comparable risk is present here.

Notably, Doe has shown that she can obtain new employment in her field notwithstanding the prior "insider threat" accusation. *See* Pl.'s Mem. at 19 ("In 2019, Plaintiff attended a job fair and received a conditional job offer on the spot."); Pl.'s Ex. J ¶¶ 4–6 (explaining Doe "accepted" this offer and has begun this new position), Dkt. 93-20. And since then, Doe has been cleared of being an "insider threat," so any purported risk to future employment is eliminated. As Doe herself acknowledges, she obtained the new job despite her prospective employer's knowledge of the insider threat charge and exoneration. *See id*. ¶¶ 5–6, 10–12.

Doe stresses that the "insider threat" charge still remains and apparently is accessible to federal agencies and some private employers. *See* Pl.'s Mem. at 19. But even if true, this remains the case regardless of whether this Court permits Doe to continue litigating this case under a pseudonym. And the charge alone does not transform this lawsuit into a "sensitive matter" requiring a pseudonym, as lawsuits involving "insider threat" investigations are often litigated in plaintiffs' real names, *see, e.g.*, *Jangjoo v. Sieg*, 319 F. Supp. 3d 207 (D.D.C. 2018), as are security clearance revocations, *see, e.g.*, *Palmieri v. United States,* 896 F.3d 579 (D.C. Cir. 2018); *Foote v. Moniz,* 751 F.3d 656 (D.C. Cir. 2014); *Clark v. Johnson*, 206 F. Supp. 3d 645 (D.D.C. 2016).

Turning to *Chao*'s second factor, Doe has not established that there is a credible risk of "retaliatory physical or mental harm" if her identity is disclosed. *Chao*, 587 F. Supp. 2d at 99. "[B]ringing litigation can subject a plaintiff to scrutiny and criticism and can affect the way [the] plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague,

unsubstantiated fears of retaliatory action . . . do not permit a plaintiff to proceed under a pseudonym." *Qualls*, 228 F.R.D. at 12. Doe's claims of anticipated retaliatory harm are both speculative and unsubstantiated. Because the "insider threat" investigation cleared Doe of any wrongdoing, *see* Pl.'s Ex. J ¶ 12, Doe's claim that disclosing her name would label her a traitor likely to receive death threats, *see* Pl.'s Mem. at 22, is highly speculative and doubtful, as is her claim that proceeding without a pseudonym would make her a public figure subject to national media attention, *id*. at 26. This case has been pending for over 14 months, and as far as the Court is aware, the case has received little, if any, press attention. *See* Defs.' Opp'n to Pl.'s Renewed Mot. to Proceed Under Pseudonym and Seal ("Defs.' Opp'n") at 16–17, Dkt. 97.

Doe also argues that making her name public *could* subject her to substantial harassment from federal officials and peers within the defense community. Pl.'s Mem. at 26. This is unlikely, particularly given that a number of these individuals are already aware of her identity and the "insider threat" investigation. *See id*. at 30 (acknowledging that the "[d]efendants know Plaintiff's identity"); Pl.'s Ex. J ¶¶ 10–15 (suggesting that Doe's "neighbors and former coworkers" were interviewed by her new employer's security investigator about the "insider threat" investigation). Doe cites no evidence that she has experienced any harassment as a result.

Next, Doe asserts that this is a sensitive matter because she may have to divulge her or her family's various medical conditions in the course of this lawsuit, and those disclosures could leave her permanently stigmatized. Pl.'s Mem. at 21. But the relevance of Doe's and her family members' medical conditions is marginal, especially with respect to her remaining FOIA claims. *See* Defs.' Opp'n at 15. And to the extent her or her family's medical conditions are relevant to the remaining claims, Doe can seek leave to file any information relating to these conditions under seal. *See, e.g*, *Nurriddin v. Acosta*, 327 F. Supp. 3d 147, 152 n.1 (D.D.C. 2018)

(permitting parties to file exhibits containing sensitive medical information about plaintiff under seal).

Finally, Doe asserts that her case is unusual and merits a pseudonym because the "National Insider Threat Policy and Minimum Standards were only recently issued" and there are "only eighteen published cases concerning insider threats." Pl.'s Mem. at 26. But neither fact has any bearing on this—or any other—*Chao* factor. *See Qualls*, 228 F.R.D. at 10–11 (cases are "unusual" where identification creates a risk of retaliatory physical or mental harm, anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature, and where an anonymous party would be compelled to admit criminal behavior or be subject to punishment by the state) (quotations and citations omitted).

*Chao*'s third factor also does not support allowing Doe to maintain her pseudonym. "Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). Doe argues that the identities of her minor children may become public if her name is disclosed and, as a result, her children could be subjected to vitriol and harassment. Pl.'s Mem. at 27. But Doe's minor children are neither plaintiffs in this case nor victims of the underlying conduct at issue, and Doe has not substantiated her claim that her children might be subject to "vitriol" if Doe's association with this litigation were disclosed.

*Chao*'s fourth factor favors Doe because her claims before this Court are against governmental parties. *Chao*, 587 F. Supp. 2d at 99. Although the government correctly observes that Doe originally asserted some claims against a private party, Defs.' Opp'n at 20, those claims were severed and transferred to the District of Massachusetts pursuant to the Court's June 29, 2020 Order, Dkt. 95.

*Chao*'s final factor is the risk of unfairness to the opposing party if Doe continues to proceed under pseudonym. Generally, courts have not found a risk of unfairness "where, as here, the identity of the party seeking to proceed using a pseudonym is known to the other party, and there is therefore no obvious reason why discovery would be inhibited." *Doe v. Moreland*, No. 18-cv-800, 2019 WL 2336435, at *3 (D.D.C. 2019); *see also* Pl.'s Mem. at 30. But here, the Court finds the risk of unfairness to the government substantial in light of Doe's continued inappropriate filings.

Since the Chief Judge granted Doe leave to proceed under a pseudonym, Doe has overloaded the docket with over sixty filings, many of which contain irrelevant and inflammatory allegations. In the briefing on this motion alone, Doe made several unsupported and prejudicial attacks on former government counsel, *see, e.g.*, Pl.'s Mot. at 38, and on her former boss, *see, e.g.*, *id*. at 31. This Court previously warned Doe about such tactics. *See* June 29, 2020 Memorandum Opinion at 14, Dkt. 96 (noting that Doe's second amended complaint contained "impertinent" and "scandalous" information including how "one nonparty's spouse left her for another woman" and disclosure of "a nonparty's Post Traumatic Stress Disorder"); *see also* Chief Judge, Mem. & Order at 2 n.2 (warning that Doe's counsel's "wholly inappropriate references to how the Court's personal history should have resulted in a different outcome" on Doe's initial motion to proceed under pseudonym were "entirely irrelevant" and "a distraction from resolution" of Doe's motion). Permitting Doe to continue to proceed under a pseudonym risks allowing her to "'inflict disgrace'" on others and "'launch defamatory charges without shame or liability, creating a structural asymmetry that can tilt the scales unfairly.'" *Bird v. Barr*, No. 19-cv-1581, 2019 WL 2870234, at *2 (D.D.C. July 3, 2019) (quoting *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 17-5217, 2019 WL 2552955, at *28 (D.C.

Cir. June 21, 2019) (Williams, J., concurring in part and dissenting in part) (citations and internal quotation marks omitted)).  Consequently, this factor weighs against allowing Doe to retain the pseudonym.

After weighing all five of *Chao*'s factors, including that this lawsuit is against governmental parties, the Court concludes that Doe has not met her burden to justify maintaining "the rare dispensation of anonymity" in this proceeding for the foregoing reasons.  *United States v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C. Cir. 1995) (internal quotation marks omitted).  Therefore, Doe's motion will be denied.

Accordingly, it is

**ORDERED** that the plaintiff's Renewed Motion to Proceed Under Pseudonym and to Seal is **DENIED**.  It is further

**ORDERED** that the parties shall file a joint status report on or before August 10, 2020, recommending how this case should proceed before the Court unseals Plaintiff's name in the case caption and specific filings.

July 27, 2020

DABNEY L. FRIEDRICH
United States District Judge

8